**People, Use of Shapleigh Hardware Co., v. W. J. Ferguson, John Roodhouse, Theodore Dill and William Almond.**

1. CONSTABLES—*Can Not Act by Agent.*—The statute does not authorize a constable to appoint a deputy or agent to act for him. If the conditions are such that it is impossible or inconvenient for him to execute a writ it is his duty to turn it over to a constable who can execute it, and when he does so, the officer receiving it assumes the same

responsibility which the law casts upon the one receiving it from the justice or the hands of the plaintiff in the judgment.

**Debt,** on a constable's bond. Trial in the Circuit Court of Greene County; the Hon. WILLIAM G. COCHRAN, Judge, presiding. Verdict and judgment for defendant. Appeal by plaintiff. Heard in this court at the May term, 1898. Reversed and remanded. Opinion filed December 2, 1898.

W. B. STRANG and H. T. RAINEY, attorneys for appellant.

D. F. KING, attorney for appellees.

MR. JUSTICE HARKER delivered the opinion of the court.

This is a suit upon the official bond of W. J. Ferguson, a constable of Greene county, and is based upon the following section of the statute:

" If any constable shall fail or neglect to return an execution within ten days after its proper return day, or if the demand, debt or claim be wholly or in part lost, or if any special damage shall arise to any party by reason of the neglect or refusal to act, or of the misfeasance or nonfeasance of any constable in the discharge of any official duty, the party aggrieved may have his action in any court of competent jurisdiction against such constable and his sureties, on the official bond of such constable, and shall recover thereon the amount of said execution and costs, with interest from the date of the judgment upon which the original execution issued." Chap. 79, Hurd's R. S., Sec. 159, Article 16.

On the 17th of February, 1896, an execution issued upon a judgment for $70.93, which the Shapleigh Hardware Company had recovered against one John E. House in a justice's court and was placed in the hands of William Bateman, a constable of Greene county, to execute. Bateman held the execution until the 16th of April, when he turned it over to Ferguson, who agreed to make a levy under it at the same time he should levy under certain other executions which he then held against the same defendant. Immediately after receiving the execution, Ferguson went to the store house of House, located some eight or ten miles from the place of residence of Bateman

and Ferguson, and made a levy of the execution upon the entire stock of goods, and advertised the same for sale in the name of himself and Bateman, on the 27th of April. The property was sold by Ferguson on the last mentioned date for $406, and the proceeds were applied on the other executions, leaving that of the Shapleigh Hardware Company unsatisfied. Ferguson did not return the execution within the time required by law, and this suit followed against him and his securities.

Upon the trial the defense was interposed that Ferguson did not receive the execution as an officer, but merely as the agent of Bateman, and that all that was done by him under it was done as agent. There was a sharp conflict in the testimony of the two men as to whether Bateman turned over the instrument to Ferguson as agent or as constable, and under the evidence and the instructions the result was made to depend entirely upon the view which the jury should take upon that disputed question of fact. The jury, believing that Ferguson accepted the execution as an agent merely, returned a verdict for the defendants, and judgment was entered accordingly.

We are of the opinion that the view taken by counsel for appellees and adopted by the trial court is erroneous. The statute does not authorize a constable to appoint a deputy or agent to act for him. If the conditions are such that it is impossible or inconvenient for him to execute a writ it is his duty to turn it over to a constable that can execute it, and when he does so, the officer receiving it assumes the same liability which the law casts upon the one receiving it from the justice or the hands of the plaintiff in the judgment. If Ferguson accepted the execution and agreed to act under it, and did act under it, as he admitted he did, then he accepted it as an officer. He can not escape liability by showing that he accepted it as Bateman's agent, and in all that he did he acted in the name of and as the agent of Bateman, because the law can recognize no such agency.

The Circuit Court refused to instruct the jury, when

asked by appellant, that under the law Bateman could not deputize Ferguson to serve the execution, but did instruct them in behalf of appellees that if Ferguson was acting as agent merely for Bateman, in taking possession of the property under and by virtue of the executions given by Bateman to Ferguson, then there could be no recovery against Ferguson and his sureties on his bond as constable.

Under the facts of the case there was a clear right of recovery, and the judgment must be reversed. Reversed and remanded.